## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Mildred Young, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br><br><br>-v.-<br><br>Aldridge Pite Haan LLP and<br><br>Midland Funding LLC<br><br>and John Does 1-25<br><br><br>Defendant(s). | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**C.A. No.:** |

Plaintiff Mildred Young (hereinafter, "Plaintiff"), a Georgia resident, individually and on behalf of a class of all others similarly situated, brings this Class Action Complaint by and through her attorneys, against Defendants Aldridge Pit Haan LLP (hereinafter "Defendant APH") and Defendant Midland Funding LLC (hereinafter "Defendant Midland"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

1

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of Georgia consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.     Plaintiff is a resident of the State of Georgia, County of Henry, 230 Evergreen Way, Stockbridge, GA 30281.

8.     Defendant APH is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with an address of 6100 Lake Forrest Drive Suite 200, Atlanta, GA 30328.

9.     Upon information and belief, Defendant APH is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    Defendant Midland is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served process upon its registered agent Midland Credit Management, Inc. at 260 Peachtree Street NW, Suite 2109, Atlanta GA 30303.

11.    Upon information and belief, Defendant Midland is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.    John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.    The Class consists of:

a.  all individuals with addresses in the State of Georgia;

b.  to whom Defendant APH sent a collection letter attempting to collect a consumer debt;

c.  on behalf of Defendant Midland;

d.  that failed to properly identify the name of the current creditor to whom the debt is currently owed;

e. which letter was sent on or after a date one (1) year prior to the filing

of this action and on or before a date twenty-one (2l) days after the

filing of this action.

15.     The identities of all class members are readily ascertainable from the

records of Defendants and those companies and entities on whose behalf they

attempt to collect and/or have purchased debts.

16.     Excluded from the Plaintiff Class are the Defendants and all officer,

members, partners, managers, directors and employees of the Defendants and their

respective immediate families, and legal counsel for all parties to this action, and

all members of their immediate families.

17.     There are questions of law and fact common to the Plaintiff Class, which

common issues predominate over any issues involving only individual class

members. The principal issue is whether the Defendants' written communications

to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e,

1692g.

18.     The Plaintiff's claims are typical of the class members, as all are based

upon the same facts and legal theories. The Plaintiff will fairly and adequately

protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff

has retained counsel with experience in handling consumer lawsuits, complex

legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e, §l692g.

    c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that

are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.    Some time prior to August 23, 2019 an obligation was allegedly incurred to Credit One Bank, N.A.

24.    The Credit One Bank, N.A. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

25.    The alleged Credit One Bank, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5)

26.    Credit One Bank, N.A. purportedly sold or assigned the debt to Defendant Midland and Defendant APH to collect the alleged debt.

27.    Defendants Midland and Defendant APH collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – August 23, 2019 Collection Letter*

28.    On or about August 23, 2019, Defendant APH sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Credit One Bank, N.A. **See Exhibit A**.

29.    The top of the letter states part:

Re: Midland Funding as assignee of CREDIT ONE BANK, N.A.

30.    The letter further states: "This firm represents Midland Funding, LLC as assignee of CREDIT ONE BANK, N.A.  Your account with Midland Funding, LLC as assignee of CREDIT ONE BANK, N.A. has been turned over to us for collection.  Records and information provided to us show you are indebted to Midland Funding, LLC as assignee of CREDIT ONE BANK, N.A. in the above amount.

31.    The letter is unclear who currently owns the debt.

32.    It is entirely unclear, especially to the "least sophisticated consumer" whether Midland Funding LLC actually owns the debt or has merely been assigned the debt for collection from Credit One Bank, N.A.

33.    The consumer cannot discern whether Midland Funding purchased the debt and is the current creditor or whether they are collecting on behalf of Credit One Bank, N.A. who may own the debt.

34.     Nowhere on the letter does it actually use the term "current creditor" as a description for Midland Funding LLC.

35.     It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

36.     The FDCPA requires that the letter must specifically and clearly state who the creditor is.

37.     Defendants have failed to provide the consumer with a proper, initial communication letter by failing to clearly identify the current creditor of the debt.

39.     Plaintiff incurred an informational injury as Defendants failed to advise her of the identity of her creditor.

40.     As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## **COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

41.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44.     Defendants violated said section

a.      by creating a false and misleading representation of the status of the debt/and the effect of partial payment of the debt in violation of §1692e(10); and

b.  by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

45.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.


## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

41.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

43.     Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    i.  The amount of the debt;

   ii.  The name of the creditor to whom the debt is owed;

   iii.  A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

   iv.  A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> v. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

44.    Pursuant to 15 U.S.C. §1692g, a debt collector must clearly notify the consumer of the name of the creditor to whom the debt is owed. §1692g(a)(2).

45.    This notice must be properly conveyed so that the consumer is clearly advised to whom the alleged debt is owed.

46.    Defendants violated this section by unfairly failing to advise Plaintiff as to the identity of the current creditor who was attempting to collect a debt from her.

47.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

46.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mildred Young, individually and on behalf of all others similarly situated, demands judgment from Defendants APH and Defendant Midland as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and her attorneys as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## **Certificate of Compliance With Local Rule 7.1D**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Dated: May 28, 2020                          Respectfully Submitted,

/s/ Misty Oaks Paxton
By:  Misty Oaks Paxton, Esq.
3315 Charleston Court
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698
attyoaks@yahoo.com
*Attorney for Plaintiff*